Richard L. **SUDRANSKI,** Appellant,

v.

Jesse **BROWN,** Secretary of Veterans Affairs, Appellee.

No. 90–451.

United States Court of Veterans Appeals.

Nov. 19, 1993.

Richard L. Sudranski, pro se.

James A. Endicott, Jr., Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, Washington, DC, were on the brief, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Judges.

HOLDAWAY, Judge:

This case, before the Court on remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), presents the issue of whether an expression of disagreement with a Board of Veterans' Appeals (BVA or Board) remand of appellant's claim to the Veterans' Administration (now the Department of Veterans Affairs) (VA) regional office (RO) is a valid Notice of Disagreement (NOD) for the Court's jurisdictional purposes. Because the NODs which initiated the Board's review of appellant's claim were submitted prior to November 18, 1988, the Court will dismiss this appeal.

## BACKGROUND

On January 15, 1986, the BVA granted appellant a 50% disability rating for a service-connected psychiatric disorder, and remanded his claim for a permanent and total disability rating for non-service-connected pension purposes to the VARO for further development. In January 1986, the VARO granted appellant a permanent and total disability rating for non-service-connected pension purposes, with an effective date of April 23, 1981.

In September 1986, appellant requested that the VARO reopen his claim and award him an increased disability rating for his service-connected psychiatric disorder, and a total disability rating based on individual unemployability. The VARO denied appellant's claims on October 1, 1986. On October 6, 1986, appellant submitted an NOD. A VA–Form 1–9 (Appeal to the BVA) was filed on October 23, 1986.

In January 1987, appellant reiterated that he should be granted an increased disability rating for his service-connected psychiatric disability, and filed a claim for an earlier effective date for entitlement to a non-service-connected pension award. In February 1987, the VARO denied his claim for an increased disability rating, and an earlier effective date. Appellant continued to submit additional evidence relating to these claims during 1987 and 1988. In September 1988, appellant's representative, the Paralyzed Veterans of America (PVA) filed an NOD with the VARO's denial of an earlier effective date for the non-service-connected pension award. PVA's letter also stated that appellant waived further review of the additional evidence by the VARO, and requested that his claim be reviewed by the Board.

In March 1989, the BVA acknowledged that the following issues were certified for appeal: (1) whether appellant was entitled to an increased disability rating for his service-connected psychiatric disorder, (2) whether he was entitled to an earlier effective date for non-service-connected pension benefits, and (3) whether he was entitled to a permanent and total disability rating based on individual unemployability. The Board noted that PVA had waived appellant's right to review of the newly submitted evidence by the VARO. However, it also noted that appellant had specifically reserved this right in a June 1988, letter. Therefore, the Board remanded appellant's claim to the VARO for review of the newly submitted evidence. Additionally, the BVA instructed the VARO to issue a Supplemental Statement of the Case and return the claim to the Board, if appellant's claim continued to be denied.

On April 2, 1989, appellant submitted a letter to the BVA expressing his strong objection to the Board's remand. On April 6, 1989, appellant submitted a letter to PVA documenting more evidence he wished for PVA to submit to the Board. He also stated that he did not want the VARO to become involved in his claim. On May 8, 1989, PVA submitted a letter to the Board explaining appellant's objection to remand.

On May 17, 1989, the Chairman of the Board (Chairman) informed appellant that the VARO would be instructed to return appellant's claim to the BVA. However, before the Chairman was able to withdraw the Board's remand, the VARO (in April 1989) had confirmed and continued its denial of appellant's claim, and issued two Supplemental Statements of the Case. On May 21, 1989, appellant sent a letter to the Chairman protesting the VARO's April 1989 decision and the May 1989 Supplemental Statements of the Case. On February 22, 1990, the Board granted appellant a 100% disability rating for his service-connected psychiatric disorder, and denied his claims for an earlier effective date and a permanent and total disability rating based on individual unemployability.

On June 6, 1990, appellant filed a Notice of Appeal at the Court. A November 6, 1990, single-judge order dismissed appellant's case because no NOD had been filed with the VARO on or after November 18, 1988. On April 10, 1991, a three-judge panel denied appellant's motion for reconsideration. Appellant's motion for en banc review was denied on September 12, 1991. Appellant appealed this decision to the Federal Circuit. On July 9, 1992, the Federal Circuit vacated the Court's decision and remanded the case for consideration of two issues not previously considered by the Court 975 F.2d 868: (1) whether the May 21, 1989, letter to the BVA was a jurisdictionally valid NOD because, under section 18.01(a) of the VA Adjudication Procedure Manual, M21–1, the BVA was the agency of original jurisdiction since it had custody of appellant's claims file, and (2) whether the Secretary correctly asserted that the May 21, 1989, letter could not be a jurisdiction-creating NOD since no new NOD was necessary to initiate review by the BVA.

## ANALYSIS

■ The Federal Circuit remanded appellant's claim prior to the Court's decision in *Hamilton v. Brown,* 4 Vet.App. 528 (1993) (en banc). *Hamilton* is dispositive of whether appellant has filed a jurisdiction-creating NOD in this case, and answers the two issues raised on remand. In *Hamilton,* the Court held:

> There can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a ***final*** RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant.... [W]here the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA ... an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD.

*Id.* at 538 (emphasis in original); *but see id.* at 545–46 (Kramer, J., dissenting) and *id.* at 546–48 (Farley, J., dissenting). The May 21, 1989, expression of disagreement, which was submitted to the BVA, cannot be a valid NOD. The NOD which initiated appellate review of appellant's claim by the Board with respect to appellant's claims for an increased disability rating for his service-connected psychiatric disorder and a total disability rating based on individual unemployability was filed on October 6, 1986. Likewise, the NOD which initiated appellate review by the Board of appellant's claim of an earlier effective date for entitlement to a non-service-connected pension was filed in September 1988. Despite appellant's submissions of additional evidence to the Board, and the Board's remand of his claim, the October 1986 and the February 1987 rating decisions continued on appeal status until the final BVA decision on February 22, 1990. Consequently, appellant could not have filed a jurisdiction-creating NOD in response to the VARO's April 1989 decision.

■ In his brief, appellant urges the Court to overrule its holding in *Hamilton,*

*supra.* The Court reached its decision in *Hamilton* en banc. Therefore, a three-judge panel cannot overrule the Court's decision in *Hamilton,* even if it desired to do so. In light of the Court's decision in *Hamilton,* the Court lacks jurisdiction to decide appellant's claim.

The appeal is DISMISSED for lack of jurisdiction.